

United States District Court
Southern District of Texas
FILED

APR 2 5 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MINERVA BRITO, FELIX BRITO and IRAIS ROJAS ESTRADA<br>Plaintiffs | §<br>§<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. B-03-023 |
| ALEXANDER HOUSE APARTMENTS MANAGEMENT, INC. d/b/a ALEXANDER HOUSE APARTMENTS, LTD. and CITY RANGERS SECURITY ENFORCEMENT, INC.<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ | JURY DEMANDED |

**DEFENDANT ALEXANDER HOUSE MANAGEMENT, INC.'S
MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO TRANSFER**

Defendant, Alexander House Management, Inc., incorrectly named as Alexander House Apartments Management, Inc. d/b/a Alexander House Apartments, Ltd. ("Alexander House"), files this motion to dismiss for improper venue pursuant to 28 U.S.C. §§1404 and 1406, and Federal Rule of Civil Procedure 12(b)(3), and would respectfully show:

### A. INTRODUCTION

On or about January 22, 2003, Plaintiffs Minerva Brito, Felix Brito and Irais Rojas Estrada ("Plaintiffs") filed their original complaint in the United States District Court for the Southern District of Texas, Brownsville Division. The named defendants in this matter are Alexander House and City Rangers Security Enforcement, Inc. ("City Rangers"). Against all Defendants, Plaintiffs allege claims of negligent hiring and supervision. Federal jurisdiction in this case is based on the diversity of the parties, and venue is governed by 28 U.S.C. §1391.

Under §1391, venue in this case is improper because:

1. All Defendants reside in Houston, Texas, and not Brownsville, Texas; and

2. All of the events giving rise to Plaintiffs' claims occurred in Houston, Texas, and not Brownsville, Texas.

*See* 28 U.S.C. §1391. Accordingly, under 28 U.S.C. §1406, the Court must dismiss this case on the basis of improper venue or, alternatively, transfer it to the proper venue, which is the Houston Division of the Southern District of Texas. *See* 28 U.S.C. §1406. In the event dismissal under 28 U.S.C. §1406 is not appropriate, Alexander House seeks a discretionary transfer under 28 U.S.C. §1404(b) from this division to the United States District Court for the Southern District of Texas, Houston Division.

### B. 28 U.S.C. §§ 1391 AND 1406

28 U.S.C. §1391 is the general venue provision that governs diversity actions. Section 1391 provides, in relevant part, that a case whose federal jurisdiction is founded upon diversity of citizenship may **only** be brought in:

1. A judicial district where any defendant resides, if all defendants reside in the same state, or

2. A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

*See* 28 U.S.C. §1391

While 28 U.S.C. §1391 only mentions districts, the statute providing for dismissal or transfer of venue when venue is improper mentions both districts and divisions. *See* 28 U.S.C. §1406. By mentioning divisions in the statute regarding venue transfers, the logical implication is that venue should lie in a proper division as well as a proper district when a district is divided into multiple divisions. If, as here, a case is filed in the wrong **division** of a district, 28 U.S.C. §1406 provides that the Court **shall** dismiss or, if in the interest of justice, transfer the case to any division in which it could have been brought. *See* 28 U.S.C. §1406.

### C. ALL DEFENDANTS RESIDE IN HOUSTON, TEXAS

Defendant Alexander House is a corporation formed and incorporated in the State of Texas, and has its principal place of business in Houston, Texas. *See* affidavit of Joseph Prysant, attached as Exhibit "A." Defendant City Rangers likewise is a Texas corporation, and has its principal place of business in Houston, Texas. *See* Exhibit A.

None of the Defendants in this case reside in or near Brownsville, Texas. The first prong of §1391 therefore is not satisfied.

### D. ALL EVENTS GIVING RISE TO PLAINTIFFS' CLAIMS OCCURRED IN HOUSTON, TEXAS

Plaintiffs' original complaint presents a rather selective recitation of the facts. Plaintiffs allege that a security guard employed by City Rangers fatally shot Jesus R. Brito ("Decedent") on or about September 15, 2002 in the parking lot of a Houston apartment complex owned and operated by Alexander House. *See* Plaintiffs' Original Complaint at ¶¶ 10, 11, 16-19. *See also*, Exhibit A. The Decedent later died at a Houston-area hospital. *See* Exhibit A.

It is clear that **all** of the events giving rise to Plaintiffs' claims against the Defendants occurred in Houston, Texas. Decedent was fatally wounded in Houston, Texas, and he died in Houston, Texas. **Nothing** relating to the underlying events of this lawsuit took place in or near Brownsville, Texas. Therefore, the second prong of §1391 is not satisfied.

Because (1) **all** of the Defendants in this case reside in Houston, Texas, and not Brownsville, Texas, and (2) **all** of the events giving rise to Plaintiffs' claims occurred in Houston, Texas, and not Brownsville, Texas, neither prong of §1391 is satisfied and venue in Brownsville, Texas, is not proper. On the contrary, the facts of this case clearly indicate that the proper venue lies in the Houston Division of the Southern District of Texas.

### E. EVEN IF VENUE IS PROPER IN BROWNSVILLE, THE COURT SHOULD TRANSFER THIS CASE TO THE HOUSTON DIVISION

Even if venue is based only on judicial districts, and this case is in the appropriate venue, this Court should exercise its discretion and transfer the case to the Houston Division under 28 U.S.C. §1404(b).

A Court is empowered to transfer an action to another federal venue under 28 U.S.C. §1404. A transfer may occur for the convenience of the parties and witnesses and in the interest of justice if there is any other district or division where the action may have been brought. *See* 28 U.S.C. §1404(a). It is within the sound discretion of the court to decide to transfer venue. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d. 523, 528 (5th Cir. 1988).

When deciding whether to transfer venue, a trial court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F.Supp. 2d 673, 676 (E.D. Tex. 2001). That discretion must be exercised considering two categories of interests: (1) the convenience of the litigants, and (2) the public interest in the fair and efficient administration of justice. *Id.*; *Barton v. Young*, 144 F.Supp. 2d 685, 687-88 (E.D. Tex. 2001).

The convenience factors include: (1) the plaintiff's choice of forum; (2) the convenience of the parties and witnesses; (3) the place of the alleged wrong; (4) the location of counsel; (5) the cost of obtaining the attendance of witnesses; (6) the accessibility and location of sources of proof; and (7) the possibility of delay in prejudice if transfer is granted. *Barton v. Young*, 144 F.Supp. 2d at 688; *Hanby v. Shell Oil Company*, 144 F.Supp. 2d at 676-77. While the Plaintiffs have chosen Brownsville, Texas, that factor is accorded less deference because the Plaintiffs do not reside in this division, and none of the operative facts occurred here. *Barton v. Young*, 144 F.Supp. 2d at 688.

All of the other convenience factors weigh in favor of a transfer to the Houston Division of the Southern District of Texas. As discussed, all of the Defendants reside in Houston, Texas. Likewise, the Plaintiffs' attorney and Alexander House's attorneys also resides in Houston, Texas. *See* Plaintiffs' Original Complaint, at p. 5. The Plaintiffs are all citizens of Mexico and all reside well outside of Brownsville, Texas. Plaintiff Minerva Brito resides in Monterrey, Mexico. *See id.* at ¶1. The remaining Plaintiffs, Felix Brito and Irais Rojas Estrada, reside in Villa Nicolas Romero, Mexico. *See id.* at ¶¶ 2, 3. Regardless of their final destination, Felix Brito and Irais Rojas Estrada will have to travel outside of Villa Nicolas Romero to reach an airport if they choose to fly to the trial. Therefore, flying from Villa Nicolas Romero, Mexico into Houston, Texas for a trial will be no more inconvenient for Felix Brito and Irais Rojas Estrada than flying into Brownsville, Texas. The same may be said for travel from Monterrey, Mexico to Houston, Texas in comparison to travel from Monterrey, Mexico to Brownsville, Texas. Maps of Mexico illustrating the respective locations of Villas Nicolas Romero and Monterrey, Mexico are attached as Exhibits "B" and "C."[1]

The place of the alleged wrong, 6060 Gulfton, Houston, Texas, is clearly within the Houston Division and is several hundred miles from Brownsville, Texas. Therefore, the place of the alleged wrong supports transfer to the Houston Division. Because this case deals with an alleged wrongful death on grounds of an apartment complex, the complex itself may be a source of evidence. That relates to the sixth convenience factor, the accessibility and location of sources of proof. Clearly, the complex is located in the Houston Division of the Southern District of Texas. Therefore, that factor would also support transfer.

---

[1] Defendant respectfully requests the Court to take judicial notice of these geographic locations pursuant to Federal Rule of Evidence 201. *See* FED. R. EVID. 201.

As for the cost of obtaining the attendance of witnesses, the proximity of the Plaintiffs have been previously discussed. The representatives for the respective Defendants all reside in or near Houston, Texas. The same may be said for other witnesses for the Defendants. The Decedent was committing a robbery at the time he was confronted by City Rangers Security Enforcement, Inc. The Decedent's victim's last known address is in Houston. *See* Exhibit A. The attendance of these witnesses at trial will require a simple drive to a courthouse in downtown Houston, Texas, if this case is transferred to that division. However, if the case remains in Brownsville, compelling the attendance of the Defendants' witnesses would require a lengthy drive and/or commercial airline flight in order to reach the location of the trial.

Finally, there is little possibility of delay or prejudice as a result of this transfer. The transfer to the Houston Division of the Southern District of Texas is sought prior to Alexander House's initial filing, and in advance of the Court's scheduling conference. No discovery has taken place to date. Little disruption or delay will be caused by transferring the case now.

The public interest factors underlying a discretionary transfer of venue include: (1) the administrative difficulties caused by court congestion, (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Barton v. Young*, 144 F.Supp. 2d at 689 (citing *International Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112 (5th Cir. 1996) and *Walter Fuller Aircraft Sales v. Republic of the Philippines*, 965 F.2d 1375 (5th Cir. 1992).

Alexander House will not speculate on the administrative difficulties between this Court and a court in the Houston Division of the Southern District of Texas. Additionally, because both Courts are in the same district in Texas, there are no problems with conflicts of laws that would be occasioned here, which would not also be occasioned in the Houston division.

As for the second and third public interest factors, the local interest in adjudicating disputes and the unfairness of burdening citizens in an unrelated forum, both factors support transfer to the Houston Division. As previously stated, this is a diversity case that includes some elements of alleged liability that may relate to the premises in question. The subject matter of this dispute concerns a shooting that occurred in Houston, Texas. Houston citizens have a greater interest in preserving their security and determining matters related to security within that city than do the citizens of Brownsville, Texas.[2] Clearly, the local interest of Houston, Texas, supports transfer to that division of the Southern District of Texas. Additionally, it is unfair to impose on Brownsville, Texas, the burden of deciding a dispute that concerns parties, none of which can be found in the Brownsville Division. The Brownsville Division certainly has a full docket relating to the cases that occur within this growing geographical area of Texas, without burdening its citizens with disputes from the largest metropolitan area in the state of Texas. Thus, the only relevant factors concerning the administration of justice also support transfer to the Houston Division of the Southern District of Texas.

Clearly, whether the appropriate manner of relief is 28 U.S.C. §1406, or 28 U.S.C. §1404, this dispute does not belong in Brownsville, Texas. Accordingly, this Court should dismiss this litigation, or in the alternative, order a transfer of this litigation to the Southern District of Texas, Houston Division.

### F. Conclusion and Prayer

Accordingly, pursuant to 28 U.S.C. §1406, Defendant, Alexander House Management, Inc., incorrectly named as Alexander House Apartments Management, Inc. d/b/a Alexander House Apartments, Ltd. ("Alexander House"), respectfully requests the Court to dismiss this case or, alternatively, transfer it to the Houston Division of the Southern District of Texas.

---

[2] The same may be said of Brownsville, Texas, in relation to alleged criminal acts that occur within that city.

Respectfully submitted,

By: _____
William A. Sherwood
State Bar No. 18255500
Federal Bar No. 4433
4800 ChevronTexaco Plaza
1111 Bagby Street
Houston, Texas 77002
Telephone: (713) 590-9300
Telecopier: (713) 590-9399

Attorney-in-charge for Defendant,
Alexander House Management, Inc.,
incorrectly named as Alexander House
Apartments Management, Inc. d/b/a
Alexander House Apartments, Ltd.

OF COUNSEL:
MCFALL MARTINEZ SHERWOOD BREITBEIL & SULLIVAN, P.C.
4800 ChevronTexaco Plaza
1111 Bagby Street
Houston, Texas 77002
(713) 590-9300
(713) 590-9399 facsimile

## **CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 24th day of April 2003.

_____
William A. Sherwood

M:\W A S\Brito\pleadings\motion to dismiss doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MINERVA BRITO, FELIX BRITO<br>and IRAIS ROJAS ESTRADA<br>    Plaintiffs<br><br>VS.<br><br>ALEXANDER HOUSE APARTMENTS<br>MANAGEMENT, INC. d/b/a<br>ALEXANDER HOUSE APARTMENTS,<br>LTD. and CITY RANGERS SECURITY<br>ENFORCEMENT, INC.<br>    Defendants | § § § § § § § § § § § § § | CIVIL ACTION NO. B-03-023<br><br>JURY DEMANDED |

### AFFIDAVIT OF JOSEPH R. PRYZANT

**STATE OF TEXAS**          §
                            §
**COUNTY OF HARRIS**        §

Before me, the undersigned authority, personally appeared Joseph R. Pryzant, who being by me duly sworn, deposed as follows:

1. My name is Joseph R. Pryzant. I am over 21 years of age and fully competent to make this affidavit. I have personal knowledge of all the facts contained in this affidavit and they are all true and correct.

2. I am the President and shareholder of Alexander House Management, Inc. ("Alexander House"). I have served as President of Alexander House since its incorporation. Alexander House serves as the general partner of Alexander House, Ltd. ("AHL"), a Texas limited partnership that owns the Alexander House at 6060 Gulfton, Houston, Texas. All of Alexander House and AHL's duties and actions relate to the Alexander House Apartments, and take place in Houston, Texas.

3. 6060 Gulfton is the only location of the Alexander House Apartments. As owner of the Alexander House Apartments, AHL provides security to protect the residents of the Alexander House Apartments and to preserve the safety of that complex. City Rangers Security Enforcement, Inc. is a security company that has been used by AHL to provide security for the Alexander House Apartments. AHL has used City Rangers Security Enforcement, Inc. for at least the past three years at the Alexander House Apartments. From my dealings with City Rangers



-2-

Security Enforcement, Inc., I know that its principal place of business is located in Houston, Texas. All of my communications to City Rangers Security Enforcement, Inc. have been directed to a Houston, Texas address and telephone number.

4. I am aware of a shooting that occurred at the Alexander House Apartments on or about September 15, 2002. That shooting occurred at 6060 Gulfton Street, Houston, Texas. I understand that a person died as a result of that shooting later that evening at a Houston area hospital. I understand that the security guards on duty that night live in the Houston area. I understand those guards broke up a crime being committed by the Plaintiffs' husband/son and other unknown men. An additional witness, the victim of the Plaintiffs' husband/son provided Alexander House with a Houston address.

_____
Joseph R. Pryzant


SWORN TO AND SUBSCRIBED before me by Joseph R. Pryzant on the ____ day of April, 2003.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

MARY CASTILLA
Notary Public, State of Texas
My Commission Expires
8-1-2005



