United States District Court
Southern District of Texas
FILED

MAY 0 1 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MINERVA BRITO, | § | |
| FELIX BRITO and IRAIS ROJAS ESTRADA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-023 |
| | § | |
| | § | |
| ALEXANDER HOUSE APARTMENTS | § | |
| MANAGEMENT, INC., d/b/a ALEXANDER | § | |
| HOUSE APARTMENTS, LTD. and | § | |
| CITY RANGERS SECURITY | § | |
| ENFORCEMENT, INC. | § | |

### ORIGINAL ANSWER OF DEFENDANT
### CITY RANGERS SECURITY ENFORCEMENT, INC.

COMES NOW, City Rangers Security Enforcement, Inc., having been named as a Defendant in the above styled and numbered cause, and makes and files this Answer to Plaintiffs' pleading herein, respectfully showing unto the Court as follows:

### ADMISSIONS AND DENIALS

1. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 1 of Plaintiffs' pleadings.

2. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 2 of Plaintiffs' pleadings.

3. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 3 of Plaintiffs' pleadings.

4. This Defendant denies the averment contained in Paragraph 4 of Plaintiffs' pleadings.

5. The averments contained within Paragraph 5 of Plaintiffs' pleadings are admitted.

6. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of Plaintiffs' pleadings.

7. This Defendant admits the averments contained in Paragraph 7 of Plaintiffs' pleadings.

8. This Defendant admits the averments contained in Paragraph 8 of Plaintiffs' pleadings.

9. This Defendant denies that venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and denies the averments contained in Paragraph 9 of Plaintiffs' pleadings.

10. This Defendant admits the averments contained in Paragraph 10 of Plaintiffs' pleadings.

11. This Defendant denies the averments contained in Paragraph 11 of Plaintiffs' pleadings.

12. This Defendant denies the averments contained in Paragraph 12 of Plaintiffs' pleadings.

13. This Defendant denies the averments contained in Paragraph 13 of Plaintiffs' pleadings.

14. This Defendant admits the averments contained in Paragraph 14 of Plaintiffs' pleadings.

15. This Defendant denies the averments contained in Paragraph 15 of Plaintiffs' pleadings.

16. This Defendant denies that Roberto Ruiz was an "agent" of Alexander House Apartments, Ltd. on September 15, 2002. This Defendant admits the remainder of the averments contained in Paragraph 16 of Plaintiffs' pleadings.

17. This Defendant denies the averments contained in Paragraph 17 of Plaintiffs' pleadings.

18. This Defendant admits the averments contained in Paragraph 18 of Plaintiffs' pleadings.

19. This Defendant admits the averments contained in Paragraph 19 of Plaintiffs' pleadings.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 20 of Plaintiffs' pleadings.

21. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 21 of Plaintiffs' pleadings.

22. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 22 of Plaintiffs' pleadings.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 23 of Plaintiffs' pleadings.

24. This Defendant denies the averments contained in Paragraph 24 of Plaintiffs' pleadings.

25. This Defendant denies the averments contained in Paragraph 25 of Plaintiffs' pleadings.

26. This Defendant denies the averments contained in Paragraph 26 of Plaintiffs' pleadings.

27. This Defendant denies the averments contained in Paragraph 27 of Plaintiffs' pleadings.

28. This Defendant denies the averments contained in Paragraph 28 of Plaintiffs' pleadings.

### AFFIRMATIVE DEFENSES

1. This Defendant contends that venue is improper in the Brownsville Division of the Southern District of Texas. This Defendant contends that the appropriate venue for this cause of action is the Houston Division of the Southern District of Texas, because all of the Defendants reside in Houston, Texas and all of the events about which the Plaintiffs have complained in their pleadings occurred in Houston, Texas. This Defendant invokes the defense provided by Federal Rule of Civil Procedure 12(b)(3) and requests that this Honorable Court dismiss this cause of action pursuant to 28 U.S.C. § 1406 or alternatively transfer this civil action for the convenience of the parties and the witnesses, and in the interest of justice, to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. § 1404(a) and/or (b).

As further support for this Defendant's request for a dismissal of this cause of action or alternatively for a transfer of venue to the Houston Division of the Southern District of Texas, this Defendant represents to the Court that each and every fact witness regarding the events giving rise to this litigation resides in the Houston

    Division of the Southern District of Texas. Additionally, according to the pleadings filed by the Plaintiffs, no parties to this cause of action reside in the Brownsville Division of the Southern District of Texas.

2. The criminal wrongdoing of Plaintiffs' deceased was the sole proximate cause, or alternatively a proximate cause of the incident in question and the Plaintiffs' claimed damages.

3. The Plaintiffs' claims against this Defendant are barred as a result of an act of self defense.

4. The Plaintiffs' claims against this Defendant are barred as a result of an act of defense of others.

5. The negligence of the Plaintiffs' deceased was the sole proximate cause or alternatively a proximate cause of the occurrence in question and the Plaintiffs' claimed damages.

6. This Defendant contends that the acts of the Plaintiffs' deceased constitute negligence per se, which was the sole proximate cause or in the alternative a proximate cause of the occurrence in question and the Plaintiffs' claimed damages.

7. This Defendant contends that on the occasion in question this Defendant's employees were confronted with an emergency and hereby invokes the "emergency doctrine."

8. This Defendant invokes its right for an appropriate credit in the event of any settlement between Plaintiff and any party or non-party.

## JURY DEMAND

Defendant City Rangers Security Enforcement, Inc. demands a trial by jury.

## PRAYER

Subject to its motion to dismiss, or alternatively, to transfer, Defendant, City Rangers Security Enforcement, Inc., therefore, requests the trial court enter judgment that Plaintiffs take nothing by Complaint against it; with costs awarded to Defendant City Rangers Security Enforcement, Inc. and for any such other relief to which it may be entitled.

Respectfully submitted,

**DUNN, WEATHERED, COFFEY,**
**RIVERA & KASPERITIS, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361)883-1594
(361)883-1599 Fax

BY: _____
David J. Dunn, Attorney-in-Charge
SBN 06243500; Fed. ID 2438

**COUNSEL FOR DEFENDANT**
**CITY RANGERS SECURITY**
**ENFORCEMENT, INC.**

## CERTIFICATE OF SERVICE

I, David J. Dunn, certify that a true copy of the foregoing has been served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on this ___1___ day of May, 2003:

Mr. Timothy A. Fjeldal
**FJELDAL & ASSOCIATES**
1225 North Loop West, Suite 1111
Houston, Texas 77008
CM RRR 7002 2410 0001 8742 3306
Via Facsimile (713)889-8777

Mr. Ray Marchan
**WATTS & HEARD, L.L.P.**
1926 East Elizabeth Street
Brownsville, Texas 78520
Via Regular Mail and Facsimile (956)541-0255

Mr. William A. Sherwood
**MCFALL MARTINEZ SHERWOOD BREITBEIL & SULLIVAN, P.C.**
4800 ChevronTexaco Plaza
1111 Bagby Street
Houston, Texas 77002
Via Regular Mail and Facsimile (713)590-9399

_____
DAVID J. DUNN