

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MINERVA BRITO, FELIX BRITO and IRAIS ROJAS ESTRADA<br>Plaintiffs | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-023 |
| ALEXANDER HOUSE APARTMENTS MANAGEMENT, INC. d/b/a ALEXANDER HOUSE APARTMENTS, LTD. and CITY RANGERS SECURITY ENFORCEMENT, INC.<br>Defendants | § § § § § § § | JURY DEMANDED |

**DEFENDANT CITY RANGERS SECURITY ENFORCEMENT, INC.'S
MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO TRANSFER**

Defendant, City Rangers Security Enforcement, Inc. ("City Rangers"), files this motion to dismiss for improper venue pursuant to 28 U.S.C. §§1404 and 1406, and Federal Rule of Civil Procedure 12(b)(3), and would respectfully show:

### INTRODUCTION

On or about January 22, 2003, Plaintiffs Minerva Brito, Felix Brito and Irais Rojas Estrada ("Plaintiffs") filed their original complaint in the United States District Court for the Southern District of Texas, Brownsville Division. The named defendants in this matter are Alexander House Management, Inc., incorrectly named as Alexander House Apartments Management, Inc. d/b/a Alexander House Apartments, Ltd. ("Alexander House"), and City Rangers. Against all Defendants, Plaintiffs allege claims of negligent hiring and supervision. Federal jurisdiction in this case is based on the diversity of the parties, and venue is governed by 28 U.S.C. §1391.

1

Venue in this case is improper because:

1. All Defendants reside in Houston, Texas, and not Brownsville, Texas; and

2. All of the events giving rise to Plaintiffs' claims occurred in Houston, Texas, and not Brownsville, Texas.

*See* 28 U.S.C. §1391. Accordingly, pursuant to 28 U.S.C. §1406, the Court must dismiss this case on the basis of improper venue or, alternatively, transfer it to the proper venue, which is the Houston Division of the Southern District of Texas. *See* 28 U.S.C. §1406. In the event dismissal under 28 U.S.C. §1406 is not appropriate, City Rangers seeks a transfer for the convenience of parties and witnesses pursuant to 28 U.S.C. §1404(a) or a discretionary transfer under 28 U.S.C. §1404(b) from this division to the United States District Court for the Southern District of Texas, Houston Division.

## 28 U.S.C. §§ 1391 AND 1406

28 U.S.C. §1391 is the general venue provision that governs diversity actions. Section 1391 provides, in relevant part, that a case whose federal jurisdiction is founded upon diversity of citizenship may **only** be brought in:

1. A judicial district where any defendant resides, if all defendants reside in the same state, or

2. A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

*See* 28 U.S.C. §1391

While 28 U.S.C. §1391 only mentions districts, the statute providing for dismissal or transfer of venue when venue is improper mentions both districts and divisions. *See* 28 U.S.C. §1406. By mentioning divisions in the statute regarding venue transfers, the logical implication is that venue should lie in a proper division as well as a proper district when a district is divided into multiple

2

divisions. If, as here, a case is filed in the wrong **division** of a district, 28 U.S.C. §1406 provides that the Court **shall** dismiss or, if in the interest of justice, transfer the case to any division in which it could have been brought. *See* 28 U.S.C. §1406.

### ALL DEFENDANTS RESIDE IN HOUSTON, TEXAS

Defendant Alexander House is a corporation formed and incorporated in the State of Texas, and has its principal place of business in Houston, Texas. *See* affidavit of Joseph Pryzant, attached as Exhibit "A" to Alexander House's motion to dismiss. Defendant City Rangers likewise is a Texas corporation, and has its principal place of business in Houston, Texas. *Id. See also* Plaintiffs' Original Complaint, ¶ 5, 8.

None of the Defendants in this case reside in or near Brownsville, Texas. The first prong of §1391 therefore is not satisfied.

### ALL EVENTS GIVING RISE TO PLAINTIFFS' CLAIMS OCCURRED IN HOUSTON, TEXAS

Plaintiffs' original complaint affirmatively alleges that a security guard employed by City Rangers fatally shot Jesus R. Brito ("Decedent") on or about September 15, 2002 in the parking lot of a Houston apartment complex owned and operated by Alexander House. *See* Plaintiffs' Original Complaint at ¶¶ 10, 11, 16-19. *See also* Exhibit A to Alexander House's motion to dismiss. The Decedent later died at a Houston-area hospital. *Id.*

It is clear that **all** of the events giving rise to Plaintiffs' claims against the Defendants occurred in Houston, Texas. Decedent was fatally wounded in Houston, Texas, and he died in Houston, Texas. **Nothing** relating to the underlying events of this lawsuit took place in or near Brownsville, Texas. Therefore, the second prong of §1391 is not satisfied.

Because (1) **all** of the Defendants in this case reside in Houston, Texas, and not Brownsville, Texas, and (2) **all** of the events giving rise to Plaintiffs' claims occurred in Houston, Texas, and not Brownsville, Texas, neither prong of §1391 is satisfied and venue in Brownsville, Texas, is not proper. On the contrary, the facts of this case clearly indicate that the proper venue lies in the Houston Division of the Southern District of Texas.

### EVEN IF VENUE IS PROPER IN BROWNSVILLE, THE COURT SHOULD TRANSFER THIS CASE TO THE HOUSTON DIVISION FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES

Even if venue is based only on judicial districts, and this case is in the appropriate venue, this Court should transfer this case to the Houston Division for the convenience of the parties and witnesses pursuant to 28 U.S.C. §1404(a).

All of the convenience factors weigh in favor of a transfer to the Houston Division of the Southern District of Texas. All of the Defendants reside in Houston, Texas. Likewise, the Plaintiffs' attorney and Alexander House's attorneys also reside in Houston, Texas. *See* Plaintiffs' Original Complaint, at p. 5. The Plaintiffs are all citizens of Mexico and all reside a great distance from Brownsville, Texas. Plaintiff Minerva Brito resides in Monterrey, Mexico. *See id.* at ¶1. The remaining Plaintiffs, Felix Brito and Irais Rojas Estrada, reside in Villa Nicolas Romero, Mexico. *See id.* at ¶¶ 2, 3. Traveling from Villa Nicolas Romero, Mexico to Houston, Texas for a trial will be no more inconvenient for Felix Brito and Irais Rojas Estrada than traveling to Brownsville, Texas. The same may be said for travel from Monterrey, Mexico to Houston, Texas in comparison to travel from Monterrey, Mexico to Brownsville, Texas.

4

The place of the alleged wrong, 6060 Gulfton, Houston, Texas, is clearly within the Houston Division and is several hundred miles from Brownsville, Texas. Therefore, the place of the alleged wrong supports transfer to the Houston Division. Because this case deals with an alleged wrongful death on grounds of an apartment complex, the complex itself may be a source of evidence.

Regarding the convenience of the witnesses, this Defendant would show that all of the representatives for the respective Defendants with knowledge of relevant facts reside in or near Houston, Texas. The same may be said for other witnesses for the Defendants. The Decedent was committing a robbery at the time he was confronted by City Rangers. The Decedent's victim's last known address is in Houston. *See* Exhibit A to Alexander House's motion to dismiss. All law enforcement officials who investigated this incident and who would have knowledge of relevant facts reside and/or work in Houston, Texas. The attendance of these witnesses at trial will require a simple drive to a courthouse in downtown Houston, Texas, if this case is transferred to that division. However, if the case remains in Brownsville, compelling the attendance of the Defendants' witnesses would require a lengthy drive and/or commercial airline flight in order to reach the location of the trial.

## CONCLUSION AND PRAYER

Accordingly, pursuant to 28 U.S.C. §1406, Defendant City Rangers respectfully requests the Court to dismiss this case or, alternatively, transfer it to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. §1404(a) or (b).

Respectfully submitted,

**DUNN, WEATHERED, COFFEY,
RIVERA & KASPERITIS, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361)883-1594
(361)883-1599 Fax

BY: _____
David J. Dunn, Attorney-in-Charge
SBN 06243500; Fed. ID 2438

**COUNSEL FOR DEFENDANT
CITY RANGERS SECURITY
ENFORCEMENT, INC.**

## CERTIFICATE OF SERVICE

I, David J. Dunn, certify that a true copy of the foregoing has been served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on this ___1___ day of May, 2003:

Mr. Timothy A. Fjeldal
**FJELDAL & ASSOCIATES**
1225 North Loop West, Suite 1111
Houston, Texas 77008
CM RRR 7002 2410 0001 8742 3306
Via Facsimile (713)889-8777

Mr. Ray Marchan
**WATTS & HEARD, L.L.P.**
1926 East Elizabeth Street
Brownsville, Texas 78520
Via Regular Mail and Facsimile (956)541-0255

Mr. William A. Sherwood
**MCFALL MARTINEZ SHERWOOD BREITBEIL & SULLIVAN, P.C.**
4800 ChevronTexaco Plaza
1111 Bagby Street
Houston, Texas 77002
Via Regular Mail and Facsimile (713)590-9399

_____
DAVID J. DUNN