United States District Court
Southern District of Texas
FILED

MAY 1 6 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MINERVA BRITO,
FELIX BRITO and IRAIS ROJAS ESTRADA,
    Plaintiffs

VS.                                            CIVIL ACTION NO. B-03-023

ALEXANDER HOUSE APARTMENTS
MANAGEMENT, INC., d/b/a ALEXANDER HOUSE
APARTMENTS, LTD.
and
CITY RANGERS SECURITY ENFORCEMENT, INC.
    Defendants

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO DISMISS FOR LACK OF JURISDICTION,
FOR IMPROPER VENUE AND TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiff files this response to defendants' motion to dismiss for lack of jurisdiction and for improper venue and to change venue and asks this court to deny defendants' motions and respectfully would show unto the court as follows:

I.

**Background**

    1.    Plaintiffs sued defendant for acts resulting in the death of Jesus Brito out of a shooting incident that occurred in the Southern District of Texas.

    2.    Defendants have been sued in the District of their residence and they do not dispute such fact.

1

3. Plaintiffs are individuals who most closely reside to the Brownsville Division of The Southern District of Texas.

4. Plaintiffs accurately allege venue facts in their complaint that support proper venue in the Southern District of Texas.

5. Plaintiffs properly alleged diversity jurisdiction.

6. Defendants have not met their burden to show that the Plaintiffs' chosen forum should be changed; therefore, the court should not transfer the suit.

II.

### Argument and Authorities

7. "To begin, the plaintiff is generally entitled to choose the forum." *Peteet v. Dow Chemical Company,* 868 F.2d 1428, 1436 (5th Cir. 1989).

8. Under Title 28 of the United States Code, §1391, the Southern District of Texas is the proper venue for a civil diversity action because such a diversity action may be brought only in the following district:

> "... (1) a judicial *district* where any defendant resides, if all defendants reside in the same State, (2) a judicial *district* in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated..." 28 U.S.C. §1391.

9. This cause is proper in the Southern District of Texas because, as demonstrated in plaintiffs' complaint, the Southern District is the judicial district where defendants reside and is the judicial district in which the incident giving rise to the diversity action occurred.

10. Venue in federal court lies in federal districts; it is not further divided by division. If venue is proper in one division in the district, it is proper in all divisions within that district. See *Syas v. Devall,* 161 F.Supp.2d 752, 753 (S.D. Tex. 2001) (explaining

that the general venue statute "speaks in terms of districts not divisions. Thus, if venue is proper in the Houston Division of the Southern District of Texas it is *ipso facto* proper in the Galveston Division - as well as in the Divisions of Corpus Christi, Victoria, Brownsville, McAllen and Laredo.").

11. Furthermore, §1393, which was addressed to only those districts that were broken into divisions and which required suit against a defendant be brought in the division of the defendant's residence, was repealed in 1988 as part of the Judicial Improvements and Access to Justice Act (Pub.L., 100-702). Citing the elimination of divisional venue in criminal cases years earlier, Congress repealed the divisional venue for which §1393 had provided on the civil side. See David D. Siegal. *Commentary on 1988 Repeal of § 1393*, 28 U.S.C.A. §1393, 70 (1993). At the time of its elimination, §1391 was not amended to mention divisions and contrary to the defendants' arguments, there is no "logical implication" that requires venue in a specific division.

12. The Brownsville Division of the Southern District of Texas is the division that is most convenient to the plaintiffs. Therefore, it is not in the interest of justice to transfer this diversity action to another division when suit has been brought in the proper district, the Southern District of Texas.

13. The plaintiffs are not aware of any local rule of the Southern District of Texas District Courts which mandates the transfer requested by the defendants.

14. The Plaintiffs' right to choose the forum in which to prosecute the suit is well established. As the United States Supreme Court stated, "But unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed." *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839,843, 91 L.Ed. 1055 (1947).

15. The Defendants have not met their burden to show that the chosen forum is so inconvenient to them as to justify a transfer. Accordingly, the court should deny defendants' motions to transfer. The party seeking a change of venue for fairness and

convenience bears the burden of demonstrating that the forum should be changed. "The plaintiff's statutory privilege of choosing his forum is a factor, held in varying degrees of esteem, to be weighed against other factors in determining the convenient forum." See Time Inc. v. Manning, 366 F.2d 690, 698 citing Rodriquez v. Pan American Life Ins. Co., 5 Cir. 1962, 311 F.2d 429, 434.

16.   Defendant City Rangers Security Enforcement, Inc. has produced no evidence that venue in Brownsville would be inconvenient.  Defendant, Alexander House Management, Inc. incorrectly named as Alexander House Apartments Management, Inc. d/b/a Alexander House Apartments, Ltd. ("Alexander House") has produced an affidavit from the President of Alexander House, Joseph R. Pryzant, the affidavit fails to mention or meet the burden of showing that venue in Brownsville would be inconvenient for him as required by §1404(a).

The requirements of 28 U.S.C. §1404(b) have not been met because plaintiffs do not consent to and in fact oppose a transfer.  Under §1404(b), all parties would have to consent to the transfer.

## CONCLUSION

17.   Because plaintiffs have brought a diversity suit in the Southern District of Texas, and has accurately alleged venue facts sufficient to support their suit, venue is proper in the Southern District of Texas and most convenient to the plaintiffs in the Brownsville Division and it is in the interest of justice that this court should deny defendants' motions to dismiss for lack of jurisdiction for improper venue and motion to transfer venue from the Brownsville Division to the Houston Division and retain the case on the court's docket.

Respectfully submitted this the 15th day of May, 2003.

                              Respectfully submitted,

                              FJELDAL & ASSOCIATES

                              By: _____
                                   Timothy A. Fjeldal
                                   Attorney-in-Charge
                                   SBN: 07100200
                                   ID No. 5548
                                   1225 North Loop West, Suite 1111
                                   Houston, Texas 77008
                                   713-869-9690
                                   713-869-6777 (Facsimile)

LOCAL COUNSEL:

Ray Marchan
ID No. 9522
1926 East Elizabeth Street
Brownsville, Texas 78520

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MINERVA BRITO,
FELIX BRITO and IRAIS ROJAS ESTRADA,
    Plaintiffs

VS.                                    CIVIL ACTION NO. B-03-023

ALEXANDER HOUSE APARTMENTS
MANAGEMENT, INC., d/b/a ALEXANDER HOUSE
APARTMENTS, LTD.
and
CITY RANGERS SECURITY ENFORCEMENT, INC.
    Defendants

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION, FOR IMPROPER VENUE AND TO TRANSFER VENUE

ON this the _____ day of _____, 2003, came on to be considered the foregoing, and the court, after examining the pleadings on file and after taking into consideration the foregoing Plaintiffs' Response to Defendants' Motions to Dismiss for Lack of Jurisdiction, for Improper Venue and to Transfer Venue, is of the opinion that the same should be in all things denied;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT Defendants' Motions to Dismiss for Lack of Jurisdiction, for Improper Venue and to Transfer Venue be and the same are hereby in all things DENIED.

Signed this the _____ day of _____, 2003.

                                                      _____
                                                      JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of May, 2003, a true and correct copy of the foregoing instrument(s) was forwarded to all opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
TIMOTHY A. FJELDAL