

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MINERVA BRITO, FELIX BRITO and IRAIS ROJAS ESTRADA<br>Plaintiffs | §<br>§<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. B-03-023 |
| | § | |
| ALEXANDER HOUSE APARTMENTS MANAGEMENT, INC. d/b/a ALEXANDER HOUSE APARTMENTS, LTD. and CITY RANGERS SECURITY ENFORCEMENT, INC.<br>Defendants | §<br>§<br>§<br>§<br>§<br>§ | JURY DEMANDED |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

1.  **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

    The parties met via teleconference on May 9, 2003 at 10:00 a.m. Scott Burkett attended on behalf of the plaintiffs, William Sherwood attended on behalf of defendant Alexander House Management, Inc., and Frank Weathered attended on behalf of defendant City Rangers Security Enforcement, Inc.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None

3.  **Specify the allegation of federal jurisdiction.**

    Plaintiffs allege that this court has jurisdiction under 28 USC §1332 based on party diversity.

4.  **Name the parties who disagree and the reasons.**

    Defendants Alexander House Management, Inc. ("Alexander House") and City Rangers Security Enforcement, Inc. ("City Rangers") agree, based on plaintiff's allegations, that federal jurisdiction in this case is based on the diversity of parties and that venue is governed by 28 U.S.C. §1391. Defendants disagree, however, that venue is proper in the

Brownsville Division of the Southern District of Texas because (a) all defendants reside in Houston, Texas and not Brownsville, Texas, and (b) all of the events giving rise to plaintiffs' claims occurred in Houston, Texas and not Brownsville, Texas. Because defendants believe venue in the Brownsville Division of the Southern District Court of Texas is improper, defendants have filed a motion to dismiss or, alternatively, motion to transfer, pursuant to 28 U.S.C. §§1404 and 1406, and Federal Rule of Civil Procedure 12(b)(3). Even if venue is proper in Brownsville, Texas, defendants seek a transfer of this case to the Houston Division for the Southern District of Texas for the convenience of the parties or at the discretion of the Court. Plaintiffs oppose defendants' motions to dismiss or, alternatively, motions to transfer.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiffs:

   None anticipated.

   Alexander House: Alexander House may seek to join Jesus Brito's alleged criminal accomplices if Alexander House is able to timely identify these individuals. Alexander House cannot provide a date for inclusion of these individuals because they are unknown at this time.

   City Rangers: City Rangers may seek to join Jesus Brito's alleged criminal accomplices if City Rangers is able to timely identify these individuals. City Rangers cannot provide a date for inclusion of these individuals because they are unknown at this time.

6. **List anticipated interventions.**

   Plaintiffs: None, at this time.

   Alexander House: None, at this time.

   City Rangers: None, at this time.

7. **Describe class-action issues.**

   None

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   As of the time of the Rule 26(f) conference, none of the parties had made their initial disclosures, subject to the defendants' motions to dismiss or, alternatively, motions to

2

transfer. Nevertheless, the parties have set an agreed deadline for their initial disclosures of Friday, May 23, 2003.

9.  **Describe the proposed agreed discovery plan, including:**

   A.  **Responses to all the matters raised in Rule 26(f).**

   Initial Disclosures: See the parties' response to item number 8.

   Discovery subjects and dates: The defendants' respective motions to dismiss or, alternatively, motions to transfer should be ruled on first before any discovery is undertaken. Alternatively, until such motions are ruled on, discovery should be limited to venue issues.

   Changes in Limitations on Discovery: None.

   Orders under Rule 26(c) or Rules 16(b) and (c): None.

   B.  **When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiffs anticipate sending interrogatories to both defendants within 30 days of the court's ruling on defendants' motions to dismiss or, alternatively, motions to transfer.

   C.  **When and to whom the defendant anticipates it may send interrogatories.**

   Alexander House: Subject to its motion to dismiss or, alternatively, motion to transfer, Alexander House anticipates sending interrogatories to all plaintiffs and to co-defendant City Rangers. Alexander House anticipates sending these interrogatories within 30 days of the court's ruling on defendants' motions to dismiss or, alternatively, motions to transfer.

   City Rangers: Subject to its motion to dismiss or, alternatively, motion to transfer, City Rangers anticipates sending interrogatories to all plaintiffs and to co-defendant Alexander House. City Rangers anticipates sending these interrogatories within 30 days of the court's ruling on defendants' motions to dismiss or, alternatively, motions to transfer.

   D.  **Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiffs anticipate taking oral depositions of the representatives of both defendants, investigating police officers from the Houston Police Department, Mario Alaniz, and Roberto Ruiz. Plaintiffs anticipate taking these oral

depositions by October 1, 2003. With respect to experts, please see plaintiff's response to item G.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Alexander House: Subject to its motion to dismiss or, alternatively, motion to transfer, Alexander House anticipates taking oral depositions of the plaintiffs, Mario Alaniz, David Bonilla, representatives of co-defendant City Rangers, including Roberto Ruiz and Romiro Ramirez, and representatives of the Houston Police Department. Alexander House anticipates taking these oral depositions by November 1, 2003. With respect to experts, please see Alexander House's response to item H.

City Rangers: Subject to its motion to dismiss or, alternatively, motion to transfer, City Rangers anticipates taking oral depositions of the plaintiffs, Mario Alaniz, David Bonilla, representatives of co-defendant Alexander House, and representatives of the Houston Police Department. City Rangers anticipates taking these oral depositions by November 1, 2003. With respect to experts, please see City Rangers' response to item H.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs: Six months after the court's ruling on defendants' motions to dismiss or, alternatively, motions to transfer.

Alexander House: 30 days after Alexander House has taken the depositions of plaintiffs' experts.

City Rangers: 30 days after City Rangers has taken the depositions of plaintiffs' experts.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate deposing defendants' experts within 30 days of their designation.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

4

<u>Alexander House:</u>   Alexander House anticipates deposing plaintiffs' experts within 30 days of their designation.

<u>City Rangers:</u>   City Rangers anticipates deposing plaintiffs' experts within 30 days of their designation.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Not applicable.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None

12. **State the date the planned discovery can reasonably be completed.**

    Subject to the defendants' motions to dismiss or, alternatively, motions to transfer, the planned discovery can reasonably be completed by March 1, 2004.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties could not agree on defendants' motions to dismiss or, alternatively, motions to transfer.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiffs will agree to mediation. Once the disputed venue issue is resolved and appropriate discovery has been accomplished, defendants will consider mediation to the extent it may be appropriate under the rules and policies of the Court.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    Please see the parties' response to item 14.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties cannot agree to try the case before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

   A timely jury demand has been made by all parties.

18. **Specify the number of hours it will take to present the evidence in this case.**

   40 hours.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   Alexander House's motion to dismiss or, alternatively, motion to transfer on the basis of improper venue.

   City Ranger's motion to dismiss or, alternatively, motion to transfer on the basis of improper venue.

20. **List other motions pending.**

   None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   None.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

   Timothy A. Fjeldal
   SBN: 07100200
   Fed. ID: 5543
   Scott Burkett
   SBN #: 03413250
   Fed. ID: 20314
   Fjeldal & Associates
   1225 North Loop West, Suite 1111
   Houston, Texas 77008
   Telephone: (713) 869-9690
   Facsimile: (713) 869-6777

   Counsel for Plaintiff(s) Minerva Brito, Felix Brito and Irais Rojas Estrada

   _____   Date 5-17-2003
   Timothy A. Fjeldal

_[signature]_  Date 05-14-2003
Scott Burkett

Ray Marchan
SBN: 12969050
Fed. ID: 9522
1928 Elizabeth Street
Brownsville, Texas 78620
Telephone: (956) 544-0500
Facsimile: (956) 541-0255

Local Counsel for Plaintiff(s) Minerva Brito, Felix Brito and Irais Rojas Estrada

William A. Sherwood
SBN: 18255500
Fed. ID: 4433
McFall Martinez Sherwood Breitbeil & Sullivan, P.C.
4800 ChevronTexaco Plaza
1111 Bagby Street
Houston, Texas 77002-2559
Telephone: (713) 590-9300
Facsimile: (713) 590-9399

Counsel for Defendant
Alexander House Management, Inc., Incorrectly Named as
Alexander House Apartments Management, Inc.
d/b/a Alexander House Apartments, Ltd.

_[signature]_  Date May 15, 2003
William A. Sherwood

David J. Dunn
SBN: 06243500
Fed. ID: 2438
Frank Weathered
SBN: 20998600
Fed. ID: 2441
Dunn, Weathered, Coffey, Rivera & Kasperitis, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 883-1594
Facsimile: (361) 883-1599

Counsel for Defendant City Rangers Security Enforcement, Inc.

with perm____ /s/ _____          Date  5-15-03
              David J. Dunn

              /s/ _____          Date  5-15-03
              Frank Weathered

M:\W A S\Brito\pleadings\Joint Disc Case Mgmt Plan.doc

8