

*14*

United States Courts
Southern District of Texas
FILED

MAY 2 3 2003

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MINERVA BRITO, FELIX BRITO        §
and IRAIS ROJAS ESTRADA           §
        Plaintiffs                §
                                  §
VS.                               §        CIVIL ACTION NO. B-03-023
                                  §
ALEXANDER HOUSE APARTMENTS        §
MANAGEMENT, INC. d/b/a ALEXANDER  §        JURY DEMANDED
HOUSE APARTMENTS, LTD. and CITY   §
RANGERS SECURITY                  §
ENFORCEMENT, INC.                 §
        Defendants                §

**DEFENDANT ALEXANDER HOUSE MANAGEMENT, INC.'S**
**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR**
**ALTERNATIVELY, MOTION TO TRANSFER**

Defendant, Alexander House Management, Inc., incorrectly named as Alexander House

Apartments Management, Inc. d/b/a Alexander House Apartments, Ltd. ("Alexander House"),

files this reply to plaintiffs' response to Alexander House's motion to dismiss or, alternatively,

motion to transfer on the basis of improper venue.

## A.  28 U.S.C. § 1404(a)

In its motion to dismiss or, alternatively, motion to transfer venue, Alexander House

presents a number of comprehensive arguments explaining why the convenience of the parties

and the interest of the public weigh in favor of transferring this case from the Brownsville

Division of the Southern District of Texas to the Houston Division under 28 U.S.C. §1404(a).

*See* Alexander House's motion to dismiss or, alternatively, motion to transfer venue, at 4-7.

Plaintiffs refute none of these arguments.  *See* plaintiffs' response, at 4.  Plaintiffs limit their

response to Alexander House's motion to transfer venue on the basis of §1404(a) to a cursory

misstatement of the law.  Specifically, plaintiffs suggest that this Court may not transfer venue

under §1404(a) unless **all** defendants produce evidence demonstrating such transfer favors the convenience of the parties. *See id.* This is not true. Transfer under §1404(a) does not require joinder or consent of all defendants. It is well settled federal law that any party to the original action may move to transfer venue under §1404(a). *See, e.g., P.T. United Can Company, Ltd., v. Crown Cork & Seal Company, Inc.*, 138 F.3d 65, 72 (2d. Cir. 1998); *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir.), *cert. denied*, 366 U.S. 948 (1961). Accordingly, Alexander House's motion to dismiss or, alternatively, motion to transfer, and its evidence in support thereof, is sufficient to warrant a dismissal or transfer of venue from the Brownsville Division to the Houston Division. That defendant City Rangers Security Enforcement, Inc. ("City Rangers") may or may not have produced its own independent evidence in support of its similar motion is a completely unrelated question for this Court's consideration.

Plaintiffs also challenge the sufficiency of Joseph Pryzant's affidavit, which Alexander House submitted as evidence in support of its motion to dismiss or, alternatively, motion to transfer. In particular, plaintiffs contend that Mr. Pryzant's affidavit fails to satisfy Alexander House's burden of proof. This contention is without merit. First, plaintiffs misstate Alexander House's burden of proof. *See* plaintiffs' response, at 4. In addition to having to show that the Brownsville Division is an inconvenient forum for presenting its defense, Alexander House must also show that transferring this case to the Houston Division will *not* inconvenience the plaintiffs, and that the Houston Division overall is a more convenient forum. *See Peteet v. Dow Chem. Co.*, 868 F. 2d 1428, 1436 (5th Cir. 1989); *Sorrels Steel Co. v. Great Southwest Corp.*, 651 F. Supp. 623, 629 (S. D. Miss. 1986). Alexander House's burden therefore is satisfied by Mr. Pryzant's original affidavit.[1]

---

[1] A supplemental affidavit of Mr. Joseph Pryzant offers further evidence in support of Alexander House's motion to dismiss or, alternatively, motion to transfer, and is attached as Exhibit "A."

To demonstrate how the Brownsville Division is an inconvenient forum for Alexander House, Mr. Pryzant's original affidavit provides:

- All of the defendants have their principal places of business in Houston, Texas, not in Brownsville, Texas. *See* Affidavit of Joseph Pryzant at ¶¶ 2-3.

- All of the defendants' business actions relate to and take place in Houston, Texas, not Brownsville, Texas. *See id.*

- The shooting event in question occurred in Houston, Texas, not Brownsville, Texas. *See id.* at ¶ 4. Accordingly, the crime scene is in Houston, Texas, not Brownsville, Texas. *See id.*

- The decedent died in Houston, Texas, not Brownsville, Texas. *See id.*

- All of the known witnesses to the shooting incident and to the decedent's death reside in Houston, Texas, not Brownsville, Texas. *See id; see also* Exhibit A at ¶ 2.

These factors also demonstrate how transferring this case from the Brownsville Division to the Houston Division will not inconvenience the plaintiffs. Because all events underlying this lawsuit took place in Houston, Texas (and not Brownsville, Texas) and all of the known witnesses to these events reside or work in Houston, Texas (and not Brownsville, Texas), the plaintiffs' investigation and trial preparation necessarily will center on Houston, Texas (and not Brownsville, Texas). Indeed, plaintiffs' attorney-in-charge resides in Houston, Texas. Furthermore, the security service agreement entered into on or about January 19, 1999 between Alexander House Apartments and defendant City Rangers (attached as Exhibit "B" to the Mr. Pryzant's supplemental affidavit) fixes the event in question squarely in Houston, Texas.[2]

---

[2] Regarding the security service agreement, Mr. Pryzant states in his supplemental affidavit:

This contract was in effect and applied to the security services that City Rangers was providing to the Alexander House Apartments at the time of the event in question. The contract demonstrates that the parties to that contract have their respective places of business in Houston, Texas, that the parties to that contract signed the contract in Houston, Texas, and that the security services rendered by City Rangers pursuant to the contract took place in Houston, Texas.

Moreover, none of the plaintiffs have any evident ties whatsoever to Brownsville, Texas.[3] All plaintiffs are Mexican citizens who reside well outside of Brownsville, Texas. The Brownsville Division is not in plaintiffs' backyard and, regardless of the forum, the plaintiffs will have to travel to trial. As a result, plaintiffs will be no more inconvenienced traveling to Houston, Texas than to Brownsville, Texas. If the case remains in the Brownsville Division, however, *everyone* involved in the trial—plaintiffs, defendants, plaintiffs' attorneys, defense attorneys, and witnesses alike—will have to travel a lengthy distance in order to reach the trial's location. A map illustrating that the distance from Houston, Texas to Brownsville, Texas is 353.4 miles and takes an average of 8 hours and 20 minutes to travel by car is attached as Exhibit "B."[4] Accordingly, transferring this case from the Brownsville Division to the Houston Division will save both plaintiffs, defendants, their respective witnesses, and their lawyers expense and inconvenience. *See* Exhibit A at ¶ 4.

As an added convenience, jury panelists in the Houston Division are more likely to be familiar with the area where the shooting incident occurred than their counterparts in the Brownsville Division. Moreover, as discussed in Alexander House's motion to dismiss or, alternatively, motion to transfer, matters of public safety that directly relate to the city of Houston are much more salient and meaningful to citizens of Houston, Texas than to citizens of Brownsville, Texas.

---

*See* supplemental affidavit of Joseph R. Pryzant at ¶ 3.

[3] For precisely this reason, the plaintiffs' choice of forum is not as sacrosanct as plaintiffs would have this Court believe. When, like here, the plaintiffs are not residents of the forum in which they filed suit and have no particular connection to that forum, then the presumption favoring the plaintiff's choice of forum is greatly reduced, or even disappears. *See Barton v. Young*, 144 F. Supp. 2d 685, 688 (E. D. Tex. 2001); *Reed v. Fina Oil & Chem.*, 995 F. Supp. 705, 714 (E.D. Tex. 1998).

[4] Defendant respectfully requests the Court to take judicial notice of this distance and approximate travel time pursuant to Federal Rule of Evidence 201. *See* FED. R. EVID. 201.

**B. Each individual the defendants <u>and plaintiffs</u> intend to send interrogatories to or depose resides or works in Houston, Texas and not in Brownsville, Texas.**

In the Joint Discovery/Case Management Plan the parties filed with the Court on or about May 16, 2003 pursuant to Rule 26(f), each of the parties provided the following information concerning the individuals they anticipate sending interrogatories to and orally deposing.

**9(B).  When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate sending interrogatories to both defendants within 30 days of the court's ruling on defendants' motions to dismiss or, alternatively, motions to transfer.

**9(C).  When and to whom the defendant anticipates it may send interrogatories.**

<u>Alexander House</u>:  Subject to its motion to dismiss or, alternatively, motion to transfer, Alexander House anticipates sending interrogatories to all plaintiffs and to co-defendant City Rangers.  Alexander House anticipates sending these interrogatories within 30 days of the court's ruling on defendants' motions to dismiss or, alternatively, motions to transfer.

<u>City Rangers</u>:  Subject to its motion to dismiss or, alternatively, motion to transfer, City Rangers anticipates sending interrogatories to all plaintiffs and to co-defendant Alexander House.  City Rangers anticipates sending these interrogatories within 30 days of the court's ruling on defendants' motions to dismiss or, alternatively, motions to transfer.

**9(D).  Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking oral depositions of the representatives of both defendants, investigating police officers from the Houston Police Department, Mario Alaniz, and Roberto Ruiz.  Plaintiffs anticipate taking these oral depositions by October 1, 2003. With respect to experts, please see plaintiff's response to item G.

**9(E).  Of whom and by when the defendant anticipates taking oral depositions.**

<u>Alexander House</u>:  Subject to its motion to dismiss or, alternatively, motion to transfer, Alexander House anticipates taking oral depositions of the plaintiffs, Mario Alaniz, David Bonilla, representatives of co-defendant City Rangers, including Roberto Ruiz and Romiro Ramirez, and representatives of the Houston Police Department. Alexander House anticipates taking these oral depositions by November 1, 2003.  With respect to experts, please see Alexander House's response to item H.

> City Rangers:  Subject to its motion to dismiss or, alternatively, motion to transfer, City Rangers anticipates taking oral depositions of the plaintiffs, Mario Alaniz, David Bonilla, representatives of co-defendant Alexander House, and representatives of the Houston Police Department.  City Rangers anticipates taking these oral depositions by November 1, 2003.  With respect to experts, please see City Rangers' response to item H.

Alexander House's Rule 26(a)(1) List of Persons With Knowledge of Relevant Facts (attached as Exhibit "A" to the attached supplemental affidavit of Joseph R. Pryzant) expands on this information, as it contains telephone and address information for all of the individuals named in the excerpts above.  Specifically, the List of Persons with Knowledge of Relevant Facts sets forth the following individuals who, according to their addresses, telephone numbers, or other information, either reside or work in Houston, Texas:

- Roberto Ruiz
  (832) 875-1337
  Security Officer employed by City Rangers Security Enforcement, Inc. who was an eyewitness of events surrounding Jesus R. Brito's shooting at the Alexander House Apartments.

- Mario Alaniz
  6060 Gulfton, #1906
  Houston, Texas 77081
  (713) 667-1177
  Eyewitness of events surrounding Jesus R. Brito's shooting at the Alexander House Apartments.

- Flor Vasquez
  6060 Gulfton #1906
  Houston, Texas 77081
  (713) 667-1177
  Mario Alaniz' wife and eyewitness of events surrounding Jesus R. Brito's shooting at the Alexander House Apartments.

- David Bonilla
  Last known address and phone number: 5821 Clarewood, Apt. #14
  Houston, Texas 77081
  (713) 665-5833
  Eyewitness of events surrounding Jesus R. Brito's shooting at the Alexander House Apartments.

- Jesus R. Brito's unidentified accomplices.
  Eyewitnesses to the events surrounding Jesus R. Brito's shooting at the Alexander House Apartments.

- Officer J. R. Garcia
  Police officer employed by the Houston Police Department ("HPD") who responded to the scene of Jesus R. Brito's shooting at the Alexander House Apartments.

- Other HPD officers who investigated Jesus R. Brito's shooting at the Alexander House Apartments.

- Physicians and medical workers who may have provided medical assistance to Jesus R. Brito at a Northside Houston Hospital following the shooting.

- Joe Pryzant
  President and shareholder of Alexander House Management, Inc.
  6060 Gulfton
  Houston, Texas 77081
  (713) 295-7800

- Ramiro Ramirez
  Representative of City Rangers Security Enforcement, Inc.
  7400 Harwin, Suite 217
  Houston, Texas 77036
  (713) 266-0555

*See* supplemental affidavit of Joseph R. Pryzant at Exhibit "A." In his attached supplemental affidavit, Mr. Pryzant references the List of Persons With Knowledge of Relevant Facts and notes the following:

On information and belief, it appears that none of the individuals listed in Exhibit "A" [the list of Persons With Knowledge of Relevant Facts] resides in Brownsville, Texas. It also appears that all of the individuals, with the exception of the plaintiffs, who reside in Mexico, reside or work in Houston, Texas.

*See* supplemental affidavit of Joseph R. Pryzant at ¶ 2.

Reading all of this information together, it is clear that *none* of the parties, including the plaintiffs, intend to send interrogatories to, or take the oral deposition of, *anyone* residing in

Brownsville, Texas. In fact, with the exception of the plaintiffs, who reside in Mexico according to plaintiffs' original complaint, *all* of the individuals the parties indicate in the Joint Discovery/Case Management Plan live or work in Houston, Texas. *See* supplemental affidavit of Joseph R. Pryzant at ¶ 2, and at Exhibit "A."

### C. 28 U.S.C. §1404(b)

Finally, in their response to Alexander House's motion to dismiss or, alternatively, motion to transfer, plaintiffs misconstrue the language of 28 U.S.C. §1404(b). Plaintiffs contend that §1404(b) requires the consent of all parties before a case may be transferred to another district or division within the district. *See* plaintiffs' response, at 4. Yet imposing a requirement of party unanimity on §1404(b) ignores the plain language of the statute. Section 1404(b) clearly provides, "[u]pon motion, consent, *or* stipulation of all parties" any action may be transferred at the court's discretion. *See* 28 U.S.C. §1404(b) (emphasis added). "Or" requires that only one of the three listed conditions be met, not all of them. Alexander House has filed its motion, thereby satisfying the conditions of §1404(b). Consent or stipulations of the parties is not required.

Wherefore, premises considered, Defendant, Alexander House Management, Inc., incorrectly named as Alexander House Apartments Management, Inc. d/b/a Alexander House Apartments, Ltd. ("Alexander House"), respectfully requests the Court to dismiss this case or, alternatively, transfer it to the Houston Division of the Southern District of Texas.

Respectfully submitted,

By: William A. Sherwood
State Bar No. 18255500
Federal Bar No. 4433
4800 ChevronTexaco Plaza
1111 Bagby Street
Houston, Texas 77002

8

Telephone: (713) 590-9300
Telecopier: (713) 590-9399

Attorney-in-charge for Defendant,
Alexander House Management, Inc.,
incorrectly named as Alexander House
Apartments Management, Inc. d/b/a
Alexander House Apartments, Ltd.

OF COUNSEL:
MCFALL, MARTINEZ, SHERWOOD, BREITBEIL & SULLIVAN, P.C.
4800 ChevronTexaco Plaza
1111 Bagby Street
Houston, Texas 77002
(713) 590-9300
(713) 590-9399 facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 23rd day of May 2003.

_____
William A. Sherwood

M:\W A S\Brito\pleadings\reply to P's response to motion to dismiss.doc

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MINERVA BRITO, FELIX BRITO        §
and IRAIS ROJAS ESTRADA           §
      Plaintiffs              §
                                  §
VS.                               §        CIVIL ACTION NO. B-03-023
                                  §
ALEXANDER HOUSE APARTMENTS        §
MANAGEMENT, INC. d/b/a            §        JURY DEMANDED
ALEXANDER HOUSE APARTMENTS,       §
LTD. and CITY RANGERS SECURITY    §
ENFORCEMENT, INC.                 §
      Defendants              §

## SUPPLEMENTAL AFFIDAVIT OF JOSEPH R. PRYZANT

**STATE OF TEXAS**                §
                                  §
**COUNTY OF HARRIS**              §

      Before me, the undersigned authority, personally appeared Joseph R. Pryzant, who being by me duly sworn, says as follows:

1.      My name is Joseph R. Pryzant. I am over 21 years of age and fully competent to make this affidavit. Except as otherwise indicated, I have personal knowledge of all the facts contained in this affidavit and they are all true and correct. This affidavit is in supplement to my affidavit signed by me on or about April 24, 2003, which I understand was attached as Exhibit "A" to Defendant Alexander House Management, Inc.'s Motion to Dismiss Or, Alternatively, Motion To Transfer.

2.      Attached to this supplemental affidavit as Exhibit "A" is a List of Persons With Knowledge of Relevant Facts, which I understand is being produced as part of Alexander House Management Inc.'s Rule 26(a)(1) Initial Disclosures. On information and belief, it appears that none of the individuals listed in Exhibit "A" resides in Brownsville, Texas. It also appears that all of the individuals, with the exception of the plaintiffs, who reside in Mexico, reside or work in Houston, Texas.

3.      Attached to this supplemental affidavit as Exhibit "B" is a copy of the service agreement entered into on or about January 19, 1999 between Alexander House Apartments and defendant City Rangers Security Enforcement, Inc. ("City

Rangers"). This contract was in effect and applied to the security services that City Rangers was providing to the Alexander House Apartments at the time of the event in question. The contract demonstrates that the parties to that contract have their respective places of business in Houston, Texas, that the parties to that contract signed the contract in Houston, Texas, and that the security services rendered by City Rangers pursuant to the contract took place in Houston, Texas.

4.   Because I reside in Houston, Texas and all of my business activities relating to Alexander House Management, Inc. take place in Houston, Texas, it will be inconvenient for me to travel to Brownsville, Texas for a trial. I expect to be the representative at trial of defendant Alexander House Management, Inc. It is my understanding that the parties' Joint Case Management Report to the Court notes that the parties anticipate the trial to take 40 hours. Additionally, there will be the costs associated with transportation and housing and food for Houston-based witnesses who are subpoenaed, or agree, to testify in Brownsville, Texas.

Joseph R. Pryzant

SWORN TO AND SUBSCRIBED before me by Joseph R. Pryzant on the 22nd day of May 2003.



NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

JUANITA HERRERA
MY COMMISSION EXPIRES
OCTOBER 1, 2003

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MINERVA BRITO, FELIX BRITO | § | |
| and IRAIS ROJAS ESTRADA | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-023 |
| | § | |
| ALEXANDER HOUSE APARTMENTS | § | |
| MANAGEMENT, INC. d/b/a ALEXANDER | § | JURY DEMANDED |
| HOUSE APARTMENTS, LTD. and CITY | § | |
| RANGERS SECURITY | § | |
| ENFORCEMENT, INC. | § | |
| Defendants | § | |

**RULE 26(a) (1) INITIAL DISCLOSURES OF DEFENDANT
ALEXANDER HOUSE MANAGEMENT INC.
<u>LIST OF PERSONS WITH KNOWLEDGE OF RELEVANT FACTS</u>**

Roberto Ruiz
(832) 875-1337
Security Officer employed by City Rangers Security Enforcement, Inc. who was an eyewitness
of events surrounding Jesus R. Brito's shooting at the Alexander House Apartments.

Mario Alaniz
6060 Gulfton, #1906
Houston, Texas 77081
(713) 667-1177
Eyewitness of events surrounding Jesus R. Brito's shooting at the Alexander House Apartments.

Flor Vasquez
6060 Gulfton #1906
Houston, Texas 77081
(713) 667-1177
Mario Alaniz' wife and eyewitness of events surrounding Jesus R. Brito's shooting at the
Alexander House Apartments.

David Bonilla
Last known address and phone number: 5821 Clarewood, Apt. #14
Houston, Texas 77081
(713) 665-5833
Eyewitness of events surrounding Jesus R. Brito's shooting at the Alexander House Apartments.

1



Jesus R. Brito's unidentified accomplices.
Eyewitnesses to the events surrounding Jesus R. Brito's shooting at the Alexander House Apartments.

Officer J. R. Garcia
Police officer employed by the Houston Police Department ("HPD") who responded to the scene of Jesus R. Brito's shooting at the Alexander House Apartments.

Other HPD officers who investigated Jesus R. Brito's shooting at the Alexander House Apartments.

Physicians and medical workers who may have provided medical assistance to Jesus R. Brito at a Northside Houston Hospital following the shooting.

Joe Pryzant
President and shareholder of Alexander House Management, Inc.
6060 Gulfton
Houston, Texas 77081
(713) 295-7800

Ramiro Ramirez
Representative of City Rangers Security Enforcement, Inc.
7400 Harwin, Suite 217
Houston, Texas 77036
(713) 266-0555

Minerva Brito
Spouse of Jesus R. Brito
Monterrey, Mexico

Felix Brito
Father of Jesus R. Brito
Villa Nicolas Romero, Mexico

Irais Rojas Estrada
Mother of Jesus R. Brito
Villa Nicolas Romero, Mexico

M:\W A S\Brito\Discov\List of Persons with Knowledge of Relevant Facts.doc

713 664 6514;                    APR .5-03  4:17PM;          PAGE 2/2

PRYZANT MANAGEMENT, INC
CITY RANGERS SECURITY ENFORCEM   FAX NO. : 713 334 6996      Apr. 15 2003 11:24AM  P1



# CITY RANGERS
# SECURITY ENFORCEMENT, INC.

7400 HARWIN, SUITE 217 • HOUSTON, TEXAS 77036 • (713) 266-0555 • FAX (713) 334-6996

### SECURITY GUARD SERVICES AGREEMENT

Be it known that __ALEXANDER HOUSE APARTMENTS__ hereinafter referred to as "Client" does hereby agree to engage the services of CITY RANGERS SECURITY ENFORCEMENT INC., hereinafter referred to as "Agency" upon the terms and conditions herein set forth.

The Client appoints CITY RANGERS SECURITY ENFORCEMENT INC. as its Lawful Agent, to go upon and enter premises or real property owned by the Client for the specific purposes of performing security Services set forth herein at:
__6060 Gulfton, Houston, TX  77081__

between the hours of _____

at the rate of _$10.50 PER HOUR, PER OFFICER, + STATE SALES TAX___ commencing on the

_20th_ of _February_____, 19_99_. A fee of ___N/A___

will be charged for travel from ____N/A____ to ____N/A____

totaling ____N/A____ The following rate of $ ____N/A____

for services rendered on all state and federal Holidays.

The Client agrees to pay "show-up fee" of 4 hours to the agency where the client fails to notify the agency at least 6 hours in advance of the scheduled patrol-officer show-up time.

The service on the Beat Patrol and/or Stationary Security Officer(s) will be to protect property and/or citizenry lawfully utilizing the Client's facilities and/or involved in a Client sponsored activity. Agency certifies that he is duly licensed and bonded in accordance with State Law. Further, Agency certifies that Agency is insured for Personal Liability Claims, errors and omissions and property damage. Client understands that Agency is an Agent of the Client with respect of performance of the Security function. . . . . .

This Agreement may be terminated on _____

_____  AFTER A 30 DAY WRITTEN NOTICE._____

Client agrees to indemnify and save harmless the Agency from all loss, damage, expenses, injury, liabilities and claims of parties not in privity to the Agreement resulting either directly or indirectly from performance of the Agreement.

Client shall not employ or offer to employ any of the agencies personnel for the duration of this contract or for a period of 120 days after the termination of this agreement.

Client agree to pay Agency for service provided according to the rates set forth herein. Payment is due within ____10____ days of receipt of statement or ____N/A____

This Agreement constitutes the entire Agreement between the Parties and may not be amended or altered except by a written instrument signed by both parties. This Agreement is in full force until the listed termination date and/or canceled by either Party by written notice to the other Parties in accordance with the terms section of this Agreement which consists of one (1) page.

SIGNED this _19_ day of _JANUARY_ 19_99_

City  Houston,           County  Harris        State  Texas

CITY RANGERS SECURITY ENFORCEMENT INC.      ALEXANDER HOUSE APARTMENTS
                                                        Client
                                              6060 Gulfton, Houston, TX  77081
_____                   Address
Licensee/Manager/Authorized Agent

_____          By _____ V.P.
                                              Client/ Authorized Representative

This Agreement must have both signatures to be valid.

Consumer Information: The following is provided as required by the Private Investigators & Private Security Agencies Act; Complaints or Violations of the act or Board Rules may be directed to :
The Executive Director
Texas Board of Private Investigators & Private Security Agencies
P.O. Box 13509 Capitol Station
Austin, Texas 78711   512-463-5545



EXHIBIT
B

Case 1:03-cv-00023     Document 14     Filed in TXSD on 05/23/2003     Page 15 of 17

Yahoo! Maps - Directions to Brownsville, TX                                     Page 1 of 3

   



Welcome, Guest User                                    Create My Locations - Sign In

## Yahoo! Maps                                                            Maps Home

Maps | **Driving Directions**

**Starting from:** ① Houston, TX Save Address

**Arriving at:** ② Brownsville, TX Save Address                Get Reverse Directions

**Distance:** 353.4 miles    **Approximate Travel Time:** 8 hours 20 mins

✉ Email Directions          |          🖨 Printable Version          |          ▤ Text Only Driving Directions

**Full Route**                          **Destination - Interactive Map**

    

| Directions | | Miles | |
|---|---|---|---|
| 1. | Start on **CONGRESS ST** | 0.0 | ↑ |
| 2. | Turn Left on **MILAM ST** | 0.2 | ↰ |
| 3. | Turn Left on **TEXAS AVE/TEXAS ST** | 0.1 | ↰ |
| 4. | Turn Right on **MAIN ST** | 2.3 | |

Yahoo! Maps - Directions to Brownsville, TX                                    Page 2 of 3

| | | | |
|---|---|---|---|
| 5. | Turn Right on **BLODGETT ST** | 0.1 | ↱ |
| 6. | Take the **US-59 SOUTH** ramp | 0.1 | ↖ |
| 7. | Merge on **US-59 SOUTH** | 127.4 | ↗ |
| 8. | Continue on **SPUR 91** towards **CORPUS CHRISTI/REFUGIO** | 1.0 | ↑ |
| 9. | Continue on **US-77 SOUTH** | 70.6 | ↖ |
| 10. | Take the **I-37 SOUTH/US-77 SOUTH** ramp | 0.3 | ↑ |
| 11. | Merge on **I-37 SOUTH** | 2.5 | ↖ |
| 12. | Take the **US-77** exit towards **BROWNSVILLE/KINGSVILLE, exit #14** | 0.3 | ↗ |
| 13. | Merge on **US-77 SOUTH** | 123.0 | ↗ |
| 14. | Continue on **US-77 SOUTH/US-83 SOUTH** | 24.1 | ↖ |
| 15. | Take the **6TH ST** exit | 0.2 | ↗ |
| 16. | Continue on **SOUTH EXPY** | 0.5 | ↑ |
| 17. | Turn Right on **E 12TH ST** | 0.8 | ↱ |

**Distance: 353.4 miles Approximate Travel Time: 8 hours 20 mins**

**Yahoo! Travel Deals**

**Flights** - Search for flights to Brownsville    **Car Rentals** - Search for a car rental in Brownsville
**Hotels** - Search for hotels in Brownsville
**Disclaimer**
*Taxes and fees additional. **Learn more**.

When using any driving directions or map, it's a good idea to do a reality check and make sure the road still exists, watch out for construction, and follow all traffic safety precautions. This is only to be used as an aid in planning.

**Driving Directions**                    ✆ Learn about Mobile Phone Driving Directions

**1** Enter starting address            **2** Enter destination address
or select from My Locations              or select from My Locations

**My Locations** Sign In                  **My Locations** Sign In
| -- My Locations -- ▼ |                  | -- My Locations -- ▼ |

**Address**
( Address, Intersection or Airport Code )

**City, State or Zip**
Houston, TX

**Country**
United States ▾

**Address**
( Address, Intersection or Airport Code )

**City, State or Zip**
Brownsville, TX

**Country**
United States ▾

Get Directions

Copyright © 2003 Yahoo! Inc. All rights reserved.
Privacy Policy - Terms of Service - Copyright Policy - Yahoo! Maps Terms of Use - Help - Ad Feedback