

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 3 0 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| BRITO, ET AL., | § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. B-03-023 |
| ALEXANDER HOUSE APARTMENTS MANAGEMENT INC. D/B/A ALEXANDER HOUSE APARTMENTS, LTD. & CITY RANGERS SECURITY ENFORCEMENT, INC. | § § § § § § § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED that on May 30, 2003, the Court considered Defendants' motions to transfer venue [Dkt. Nos. 6 & 8]. Plaintiffs filed this lawsuit alleging negligence and negligent hiring causes of action against Defendants Alexander House Apartments Management Inc. d/b/a Alexander House Apartments Ltd. ("Alexander House") and City Rangers Security Enforcement, Inc. ("City Rangers"). Plaintiffs are the wife, father, and mother of Jesus Brito who was shot and killed by a City Rangers Security Enforcement security guard hired to patrol the Alexander House Apartments in Houston, Texas. Defendants Alexander House and City Rangers have filed motions to dismiss or, alternatively, to transfer venue to the Houston Division of the Southern District of Texas. For the reasons set forth below, Defendants' motion to transfer is **GRANTED**.

I.  **DISCUSSION**

Title 28, U.S.C. § 1406(a), provides for the cure of defects in venue as follows: *"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any*

district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue is proper in this division and, if warranted, a transfer of venue rather than dismissal would be in the interest of justice. Therefore, the Court **DENIES** Defendants' motions to dismiss.

A.   **Motions To Transfer**

In their motion to transfer, Defendants urge the Court to transfer venue to the Houston Division for two reasons. First, Defendants contend that venue is improper in the Brownsville Division, but proper in the Houston Division. Second, Defendants argue that the Court should effect a convenience transfer under 28 U.S.C. § 1404(a).[1]

1.   **Venue Is Proper In The Southern District Of Texas, Including The Brownsville Division**

Defendants' reliance on 28 U.S.C. § 1391(a) for the proposition that the Brownsville Division is the "wrong venue" is misplaced. Section 1391(a) is silent on "divisional" venue, instead establishing the proper venue for diversity actions in terms of "judicial districts."[2] Defendants do not contend that venue is improper in the Southern

---

[1]   Defendant Alexander House does reference 28 U.S.C. § 1404(b); however, it is likely the reference was a typographical error. The Court can only consider a transfer under § 1404(b) if all the parties agree to the inter-division transfer.

> (b) Upon **motion, consent or stipulation of all parties**, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

28 U.S.C. § 1404(b) (emphasis added). Evidenced by their opposition to the motions to dismiss and transfer, Plaintiffs do not agree that this matter should be transferred to the Houston Division.

[2]   Section 1391(a) provides as follows:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

District of Texas. Defendants concede that the Southern District of Texas is both "a judicial district where any defendant resides, if all defendants reside in the same State" and "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a). In this diversity case, venue is proper in any division of the Southern District of Texas, including the Brownsville Division.

### 2. Venue Transfer

According to *Van Dusen v. Barrack*, 376 U.S. 612 (1964), the goal of 28 U.S.C. § 1404 "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Id.* at 616. The decision to transfer venue under § 1404(a) is within the Court's sound discretion. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

"In determining whether an action should be transferred under § 1404(a), the court examines factors which fall into two groups: (1) those relating to the convenience of the litigants, and (2) those relating to the public interest in the fair and efficient administration of justice." *In re Triton Ltd. Securities Litig.*, 70 F. Supp.2d 678, 688 (E.D. Tex. 1999).

Convenience of the litigants factors include: (1) the plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the location of counsel; (5) the cost of obtaining the attendance of witnesses; (6) the accessibility and location of sources of proof; and (7) the possibility of delay and prejudice if transfer is granted. *See Robertson v. Kiamichi Railroad Co., L.L.C.*, 42 F. Supp.2d 651, 655 (E.D. Tex. 1999).

Public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of

---

of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

unnecessary problems in conflict of laws. *See id.*

The moving litigant seeking transfer bears the burden of demonstrating that a transfer of venue is warranted. *See Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994) (stating that the moving litigant must demonstrate that the balance of factors substantially weighs in favor of transfer). In placing the burden on the moving litigant, courts have stated that the plaintiff's choice of forum should not be disturbed, unless the balance of factors strongly favors the defendant. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

Thus, Defendants have the burden of demonstrating that the above mentioned factors weigh in their favor, for this Court to order the case transferred from the Brownsville Division to the Houston Division of the Southern District of Texas.

### a. Convenience Of The Litigants Factors

Plaintiffs correctly argue that their choice of forum generally carries substantial weight in deciding a motion to transfer. *See Schexnider v. McDermott Intern., Inc.*, 817 F.2d 1159, 1163 (5th Cir.), *cert. denied*, 484 U.S. 977 (1987). However, courts have held that a plaintiff's choice is afforded less deference when the plaintiff does not reside in the chosen forum and when none of the operative facts have occurred in the chosen forum. *See, e.g., Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The Court, therefore, gives some deference to Plaintiffs' choice of forum; however, Plaintiffs' choice is not an insurmountable barrier to transfer.

The remaining convenience factors weigh in favor of transfer. The Defendants and witnesses all reside in the Houston area, and would be inconvenienced if they had to travel to Brownsville for trial. On the other hand, the Plaintiffs, who are Mexican citizens and reside in Mexico, will not be inconvenienced by traveling to Houston rather than Brownsville. The alleged wrongs occurred in Houston. The location of all counsel in Houston is the least significant factor; nonetheless, it is a factor the Court considers. No evidence has been presented regarding the cost of obtaining the attendance of witnesses; however, costs will be substantially more if this case is tried in Brownsville rather than Houston. In this type of case, the Court is not concerned that the

documentary evidence will be too voluminous to transport from Houston to Brownsville for trial; even so, the apartment complex is located in Houston and it will be inconvenient, if not impossible, for a jury from Brownsville to inspect the apartment complex if it becomes necessary. Finally, this case is in the very early stages, and transfer will not cause delay or prejudice. The Court concludes the convenience factors favor transfer to the Houston Division.

### b. Public Interest Factors

There will be no or very minimal administrative difficulties caused by court congestion if this case is transferred. Moreover, Houston has a local interest in adjudicating this dispute. The Court also concludes it would be unfair to burden the citizens in the Brownsville Division with jury duty in a case completely unrelated to this forum. All of the relevant public interest factors favor transfer to the Houston Division.

## II. Conclusion

For these reasons, the Court **GRANTS** Defendants' motions to transfer venue [Dkt. Nos. 6 & 8]. This case is hereby transferred to the Houston Division of the United States District Court for the Southern District of Texas.

DONE at Brownsville, Texas, this 30th day of May 2003.

Hilda G. Tagle
United States District Judge